UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JAMES LEWIS DIXIE, | No. 2:12-cv-2626 LKK DAD P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| TIM VIRGA, et al., | |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff paid the required filing fee. The action is proceeding on plaintiff's original complaint (ECF No. 1) in which he presented federal constitutional and statutory claims premised on the alleged refusal of prison officials to permit him to attend Jumu'ah Prayer Services at California State Prison-Sacramento where he is incarcerated.

A settlement conference was held on June 20, 2014, and concluded without a settlement being reached. (See ECF No. 67.) The court now addresses those matters held in abeyance pending the convening of the settlement conference.

Plaintiff seeks reconsideration of this court's order filed February 19, 2014 (ECF No. 43) adopting the assigned Magistrate Judge's findings and recommendations and granting in part and denying in part defendants' motion to dismiss. Plaintiff argues that he was not timely served with

a copy of the underlying findings and recommendations and was thereby denied notice of the deficiencies in his complaint and could not timely file objections to the findings and recommendations. For the reasons that follow, plaintiff's motion is denied. However, plaintiff will be accorded additional time to file an amended complaint.

II. Background

On February 19, 2014, the undersigned adopted the magistrate judge's findings and recommendations filed January 16, 2014, thereby granting in part and denying in part defendants' motion to dismiss. (See ECF Nos. 43, 39.) As a result, this action now proceeds against remaining defendants Fardan and Elia on plaintiff's claims under the Free Exercise Clauses of the United States and California Constitutions, and under the Religious Land Use and Institutionalized Persons Act (RLUIPA). Plaintiff was granted leave to file an amended complaint, within thirty days after the filing date of the court's order (or by March 21, 2014), that cured the noted deficiencies with respect to the dismissed claims. That thirty-day period expired without plaintiff filing an amended complaint. On April 4, 2014, defendants filed an answer to the complaint. (ECF No. 55.) Thereafter, on April 11, 2014, the magistrate judge issued a Scheduling Order (ECF No. 56), which is presently in effect.

Meanwhile, on March 3, 2014, plaintiff filed a "Motion for Relief from the District Court Order on Defendants' Motion to Dismiss." (ECF No. 49.) Plaintiff asserts therein that he was not timely served with a copy of the findings and recommendations, and therefore did not have the opportunity to file objections thereto. Plaintiff, however, does not identify the objections he wished to raise.

Review of plaintiff's memorandum and attached exhibits, and review of the court's docket, generally supports plaintiff's statement that he did not timely receive a copy of the magistrate judge's findings and recommendations. Despite a notation in the docket that a copy of the findings and recommendations were promptly served on plaintiff by mail on January 16, 2014, plaintiff's prison mail log indicates that he thereafter received no mail from this court until February 10, February 14, and February 20, 2014. (See Pl.'s Incoming Mail Log (ECF No. 49 at 16).) Under any of these scenarios, the time for filing objections (14 days after January 16, 2014,

2

or by January 30, 2014) had expired.  Plaintiff avers, with supporting documentation and without any obvious inconsistencies reflected in the court's docket, which he did not did not receive a copy of the findings and recommendations at issue until February 20, 2014.[1]  As noted, the court adopted the findings and recommendations one day earlier, on February 19, 2014.  (ECF No. 43.)

III.  Applicable Legal Standards

Local Rule 230(j) requires that any motion for reconsideration set forth "the material facts and circumstances surrounding" the motion and, in pertinent part, "why the facts or circumstances were not shown at the time of the prior motion."  E.D. Cal. L.R. 230(j).  Plaintiff's motion satisfies these requirements.

The instant motion is properly construed as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).  Although plaintiff relies on subsection (b)(1) ("mistake, inadvertence, surprise, or excusable neglect"), his motion is more appropriately considered under the broader umbrella of subsection (b)(6) ("any other reason that justifies relief").  Rule 60(b)(6) applies in extraordinary circumstances, not otherwise expressly addressed by Rule 60.  Its purpose is to "vest[] power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice."  Klapprott v. United States, 335 U.S. 601, 614-15 (1949).

As plaintiff emphasizes, when a district judge delegates to a magistrate judge the task of issuing findings and recommendations, the authority of the magistrate judge is provisional.  See

/////

/////

---

[1] Plaintiff explains that he submitted three requests for case status (filed February 5, 12, and 18, 2014) before receiving a copy of the findings and recommendations.  (See ECF Nos. 40-2; see also ECF No. 49 at 16.)  Plaintiff states, and the docket reflects, that he was informed, in response to his first request for case status filed February 5, 2014, that findings and recommendations were issued on January 16, 2014, and remained pending.  (ECF No. 40.)  The docket indicates no response to plaintiff's February 12, 2014 request for case status.  (ECF No. 41.)  On February 13, 2014, plaintiff signed and mailed a letter requesting a copy of the findings and recommendations, on the ground that he had not yet been served with them; the letter was filed on February 18, 2014.  (ECF No. 42.)  Plaintiff states that he did not receive a copy of the findings and recommendations until February 20, 2014.

3

28 U.S.C. § 636(b)(1).[2] If no objections to the findings and recommendations are filed, then the district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," without conducting a de novo review. Id. However, when objections are made, the district judge is required to undertake a de novo review. Id.; see also, Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); E.D. Cal. L.R. 304 (requiring adherence to 28 U.S.C. § 636(b)(1)(B) and (C), and Fed. R. Civ. P. 72(b)).

IV.  Analysis

In the instant case, no objections were filed by any party in response to the findings and recommendations. The court adopted the magistrate judge's findings and recommendations after conducting a de novo review. (See ECF No. 43 at 2.) As this court explained (id. at 1):

---

[2] A magistrate judge may issue findings and recommendations for the district judge's review pursuant to 28 U.S.C. § 636(b)(1), which provides in pertinent part:

> § 636(b)(1) Notwithstanding any provision of law to the contrary--
>
> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . . A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A). . . .
>
> (C) the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.
>
> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

> In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Because the court applied this heightened standard of review in considering the magistrate judge's findings and recommendations, the court is persuaded that the result would be no different if the order was vacated and plaintiff were permitted additional time to submit his objections. The failure of plaintiff to identify his objections to the findings and recommendations underscores the appropriateness of this assessment.

For these reasons, plaintiff's motion for reconsideration (ECF No. 49), will be denied. As a result, plaintiff's motion to stay this action pending the court's ruling on this matter (ECF No. 58), and motion to expedite the court's ruling (ECF No. 64), will both be denied as moot.

The court will, however, grant plaintiff's request (ECF No. 49 at 4) for additional time within which to respond to the court's February 19, 2014 order. Specifically, plaintiff will be granted thirty days from the filing date of this order to file and serve an amended complaint that conforms to the requirements set forth in the court's February 19, 2014 order, as explained more fully in the assigned magistrate judge's January 16, 2014 findings and recommendations.

In addition, because the deadlines established by the current Scheduling Order (ECF No. 56) are now imminent (discovery due by August 1, 2014, dispositive motions due by October 24, 2014), those deadlines are hereby extended as follows: the deadline for conducting discovery, including the deadline for filing motions to compel discovery,[3] is extended to December 5, 2014; the deadline for filing dispositive motions is extended to March 6, 2015.

////

////

/////

---

[3] The parties are reminded that it is their respective responsibility to request all discovery directly from the other parties in the first instance. Discovery requests between the parties are not to be filed with the court unless a party remains dissatisfied with a discovery response after attempting to resolve the matter informally. See Local Rule 251 (requirement of conferring and making a good faith effort to resolve differences).

V. <u>Conclusion</u>

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 49), of this court's February 19, 2010 order, is denied.

2. Plaintiff may, within thirty days after the filing date of this order, file and serve an amended complaint that conforms to the requirements set forth in the undersigned's February 19, 2014 order, and the magistrate judge's January 16, 2014 findings and recommendations.

3. The Scheduling Order issued April 11, 2014 (ECF No. 56), is amended as follows:

    a. The deadline for exchanging discovery, and for filing any motion to compel discovery, is extended to December 5, 2014.

    b. The deadline for filing dispositive motions is extended to March 6, 2015.

4. Plaintiff's request to stay this action (ECF No. 58), and request to expedite the instant ruling (ECF No. 64), are denied as moot.

IT IS SO ORDERED.

DATED: July 23, 2014.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT